IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| STUART A. TURNER,<br><br>      Petitioner,<br><br>vs.<br><br>WARDEN FERNANDO GARZA,<br><br>      Respondent. | CASE NO. 4:23-CV-00040<br><br>DISTRICT JUDGE JEFFREY J. HELMICK<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**INTERIM REPORT AND RECOMMENDATION (ECF DOCS. 4, 6, 7, 12, 13 & 14)** |

Petitioner Stuart A. Turner ("Petitioner" or "Mr. Turner") filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on January 9, 2023, challenging the denial of First Step Act ("FSA") earned time credits by the Bureau of Prisons ("BOP"). (ECF Doc. 1.) The following motions are pending before the Court and ripe for resolution:

- Respondent's Motion to Dismiss Petitioner's 28 U.S.C. § 2241 Petition ("Petition") as moot (ECF Doc. 4);

- Petitioner' Motion for Leave to Amend Petition for Writ of Habeas Corpus (ECF Doc. 6) filed in response to the motion to dismiss (ECF Doc. 7, p. 1, ¶ 1);

- Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Doc. 14);

- Petitioner's Renewed Motion for Expedited Briefing Schedule and Expedited Habeas Review (ECF Doc. 7);

- Petitioner's Motion for Leave to File Declaration (ECF Doc. 12); and

- Petitioner's Motion to Compel Bureau of Prisons to Disregard the 1994 Immigration Document, Re-Calculate Mr. Turner's First Step Act Time Credit

1

      Assessment, and Process Him as a Prisoner Without a Final Order of
      Removal/Deportation (ECF Doc. 13 ("Motion to Compel")).

As explained more fully below, the undersigned recommends that the Court **GRANT in part and DENY in part** Mr. Turner's motion for leave to amend (ECF Doc. 6); **DENY** Mr. Turner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF Doc. 14); **DENY as moot** Respondent's motion to dismiss (ECF Doc. 4); and **DENY** Mr. Turner's Renewed Motion for Expedited Briefing Schedule and Expedited Habeas Review (ECF Doc. 7), Motion for Leave to File Declaration (ECF Doc. 12), and Motion to Compel (ECF Doc. 13).

## I.    Procedural Background

Mr. Turner was sentenced by the United States District Court for the Southern District of Florida in 2000 and filed his § 2241 Petition in this Court on January 9, 2023 (ECF Doc. 1), asserting the following ground for relief:

> **GROUND ONE**: The Bureau of Prisons is employing an invalid policy to deny application of First Step Act earned time credits where the policy at issue directly contravenes the express language of the First Step Act. Violation of Petitioner's right to due process protection of a liberty interest under Fifth Amend.

(*id*. at p. 6).[1]

On April 6, 2023, Respondent filed a motion to dismiss Mr. Turner's Petition as moot. (ECF Doc. 4.) Respondent argued that the Petition seeking application of credit for earned time under the First Step Act of 2018 was "moot because the Federal Bureau of Prisons ("BOP") ha[d] already applied the sentence credits at issue." (*Id*. at p. 1.)

In response to Respondent's motion to dismiss, Mr. Turner filed a motion for leave to amend his § 2241 Petition, arguing:

---

[1] Mr. Turner's Petition also includes a second ground for relief. (ECF Doc. 1, p. 6.) In Ground Two, he argues that he should be excused from exhausting his administrative remedies. (*Id*.) Mr. Turner's motion for leave to amend indicates that Ground One is the primary ground for relief in his Petition (ECF Doc. 6, p. 1) and he does not seek to include the present Ground Two in his proposed amended petition (ECF Doc. 6).

> Although the BOP has indicated its willingness to comply with the First Step Act (FSA) with respect to the application of FSA earned time credits toward early transfer to supervised release, said agency has refused to comply with the FSA's requirements that all of the credit earned beyond the maximum applicable toward early supervised release must be applied toward prerelease custody.

(ECF Doc. 6, p. 2.) He also argues that a recent ruling out of the Eleventh Circuit, if applied to his federal conviction, would render "him actually innocent of the career-offender enhancement that contributed to his 30-year sentence of incarceration." (*Id*. at p. 1.) He seeks leave to amend his Petition to assert the following two grounds for relief:

> **GROUND ONE**: A change in 11th Circuit law in January 2023 renders Petitioner actually innocent of the career criminal enhancement of the U.S. Sentencing Guidelines under which he had been sentenced.
>
> **GROUND TWO**: The Bureau of Prisons' denial of prerelease under the First Step Act (FSA), where the FSA commands the BOP to apply Petitioner (an FSA eligible prisoner) all earned time credits to either prerelease o[r] toward supervised release, is an abuse of discretion and violative of Petitioner's statutory rights and due process rights under 5th Amendment.

(ECF Doc. 6-1, p. 7; *see also* ECF Doc. 6, p. 2.) Respondent opposed Mr. Turner's request for leave to amend and has requested that the Court dismiss or deny Mr. Turner's Petition. (ECF Docs. 9 & 10.)

As to the proposed amended Ground One, Respondent argues it is not a proper § 2241 claim because Petitioner seeks to challenge the validity of his conviction, explaining said claim must be filed in a § 2255 petition in the district of his conviction and sentence. (ECF Doc. 9.)

As to the proposed amended Ground Two, Respondent initially argued on June 15, 2023 that the BOP recently changed its policy and was "in the process of attempting to determine how best to place inmates with ICE detainers in prerelease custody" and Mr. Turner was "being reviewed . . . for possible placement in prerelease custody" and to determine "if it [could] properly credit [Mr.] Turner's sentence while considering safety and security concerns." (*Id*. at

3

p. 6.) On June 16, 2023, Respondent filed an amended response in opposition to Mr. Turner's motion for leave to amend (ECF Doc. 10), asserting that "the government [was] now aware that ICE provided a final order of deportation to the Bureau of Prisons on June 15, 2023" and Mr. Turner "[was] now no longer eligible for FSA time credits for release to a hallway house because he is under an order of deportation" (*id.* at p. 1.) The alleged "order of deportation" Respondent attaches as evidence is a letter from INS District Director Walter D. Cadman dated September 1, 1994. (ECF Doc. 10, p. 3; ECF Doc. 10-2.)

Mr. Turner filed a reply brief on July 5, 2023, challenging Respondent's assertion that he was under a final order of deportation. (ECF Doc. 11.) That same day he filed a motion for leave to file a declaration in support of his reply brief, as a "means of contesting Respondent's characterization" of the letter from INS District Director Cadman as a final order of deportation and "to counter with his own exhibits." (ECF Doc. 12.) He attached a declaration and several exhibits relating to his immigration status and proceedings. (ECF Doc. 12-1.) On August 15, 2023, Mr. Turner filed a motion to compel "the Bureau of Prisons to disregard the 1994 immigration document that [Respondent] claims represents a final order of deportation" and "then re-calculate Mr. Turner's First Step Act time credit assessment, and to process him as a prisoner without a final order of deportation/removal." (ECF Doc. 13.)

On September 11, 2023, Mr. Turner filed a Motion for Temporary Restraining Order and Preliminary Injunction, again challenging Respondent's claim that there was a final order of deportation (ECF Doc. 14), and he requested that the Court issue an order instructing Respondent to "immediately process [him] for prerelease placement pursuant to the FSA" (*id.* at p. 4). The Court ordered Respondent to file a response to the request for injunctive relief. (ECF Doc. 15.) Respondent filed a response on September 15, 2023, explaining that ICE was no longer relying

4

on the 1994 immigration document and the BOP did not have a final order of deportation for Mr. Turner. (ECF Doc. 16, p. 1.) Thus, Respondent represented that the BOP "updated the computation to find the Petitioner FSA eligible and applied his time credits." (*Id*. at pp. 1-2.)

With this procedural background, the undersigned now turns to the pending motions.

## II. Petitioner's Motion to Amend

### A. Legal Framework for Motions to Amend

The Federal Rules of Civil Procedure provide that leave to amend should be freely given when justice requires. Fed. R. Civ. P. 15(a)(2). However, a court is not required to grant leave to amend under circumstances where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment," or where amendment would be futile. *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this instance, there is no assertion by Respondent that leave to amend should be denied due to undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies in prior amendments, or prejudice to Respondent. The crux of Respondent's opposition to Petitioner's request to amend is that the proposed amendments would be futile because they are moot or without merit. Accordingly, the undersigned considers the question of whether allowing Mr. Turner the opportunity to amend his Petition would be futile.

### B. Petitioner's Request to Amend Petition to Add New Ground for Relief Related to Conviction and Sentence

Mr. Turner seeks to add a new ground for relief in his § 2241 petition, labeled in his proposed amended petition as Ground One, which challenges his Southern District of Florida conviction and sentence. (ECF Doc. 6; ECF Doc. 6-1, p. 7.) This proposed new ground is based

5

on the Eleventh Circuit decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023), which held that an inchoate crime such as conspiracy did not qualify as a "'controlled substance offense' for purposes of the career offender sentencing enhancement under the United States Sentencing Guidelines. U.S. Sent'g Guidelines Manual § 4B1.2(b)." *Id.* at 1271, 1279–80. He contends that applying the ruling in *Dupree* to his federal conviction from the Southern District of Florida would render him actually innocent of the career-offender enhancement which contributed to his thirty-year sentence. (ECF Doc. 6, p. 1; ECF Doc. 6-1, pp. 1, 7.)

Under § 2255(e), "federal prisoners 'authorized to apply for relief by motion pursuant to' § 2255" are generally barred "from applying 'for a writ of habeas corpus' under § 2241." *Jones v. Hendrix*, 599 U.S. 465, 474 (2023). Thus, while a motion under 28 U.S.C. § 2255 is the main avenue for a federal prisoner to challenge his sentence, a petition under 28 U.S.C. § 2241 is the appropriate avenue through which a petitioner may challenge the execution or manner which his sentence is being served. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Recognizing this distinction, Mr. Turner seeks to avail himself of a provision under § 2255 commonly referred to as the "saving clause." (ECF Doc. 6-1, pp. 11, 13-21.)

Through the saving clause, "Congress preserved the habeas remedy in cases where 'the remedy by motion is inadequate or ineffective to test the legality of [a prisoner's] detention." *Jones*, 599 U.S. at 474 (citing § 2255(e) (bracket in original)). The Supreme Court recently explained:

> Traditionally, courts have treated the saving clause as covering unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose.

6

*Jones*, 599 U.S. at 474. Additionally, "the saving clause ensures that § 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his *detention*' without attacking the validity of his *sentence*." *Id.* at 475 (emphasis in original). For example, where "a prisoner might wish to argue. . . that he has unlawfully been denied . . . good-time credits[.]" *Id.*

Mr. Turner's attempt to use the saving clause to raise proposed amended Ground One in his § 2241 petition—rather than through a motion filed under § 2255 in the sentencing court—is foreclosed by the Supreme Court's recent decision in *Jones*. The *Jones* Court addressed the meaning of an "inadequate and ineffective" remedy under the saving clause. 599 U.S. at 475-77. The Court observed that some courts of appeal had found "a workaround for prisoners in the saving clause" by holding that:

> § 2255 was "inadequate and ineffective" under the saving clause—and that § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred a prisoner from seeking relief based on a newly adopted narrowing interpretation of a criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial, appeal, and first § 2255 motion.

*Id.* at 477. The Supreme Court disagreed with this reasoning, holding that "the saving clause does not authorize such an end-run around AEDPA." *Id.* The Court explained that Congress has enumerated only *two* "conditions in which a second or successive § 2255 motion may proceed." *Id.* Those AEDPA conditions are found in § 2255(h) which "strictly" limits § 2255 second or successive motions to those containing:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

7

*Id.* at 476 (quoting § 2255(h)).  The Court further explained that Section "2255(h)(2)'s authorization of a successive collateral attack based on new rules 'of *constitutional* law' implies that Congress did not authorize successive collateral attacks based on new rules of *nonconstitutional* law." *Id*. at 478 (emphasis in original).  "Had Congress wished to omit the word 'constitutional,'" the Court observed, "it easily could have done so." *Id*.  The Court rejected arguments that Section "2255(h)'s exclusion of statutory claims sometimes renders § 2255 inadequate or ineffective," holding:

> The inability of a prisoner with a statutory claim to satisfy [the] conditions [in § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause.  It means that he cannot bring it at all.  Congress has chosen finality over error correction in his case.

*Id.* at 480.

While the *Jones* case was pending in the Supreme Court, the Sixth Circuit held the case *Joseph v. Dunbar*, No. 21-1191, 2023 WL 5093488 (6th Cir. Aug. 8, 2023) in abeyance.  The petitioner in *Joseph* had been incarcerated in Michigan and sought relief in a § 2241 petition after unsuccessfully seeking relief under § 2255.  *Joseph*, 2023 WL 5093488, at * 1.  He argued that his "underlying Florida crimes no longer "qualif[ed] as predicate offenses for purposes of the career-offender enhancement . . ." due to "intervening changes in statutory interpretation." *Id*.  The Sixth Circuit concluded that the Supreme Court decision in *Jones* foreclosed that petitioner's appeal because *Jones* made it clear that § 2241 could not be used "as 'an end-run around' § 2255(h)'s rules." *Id.* (quoting *Jones*, 143 S.Ct. at 1868).

Like the petitioner in *Joseph*, Mr. Turner previously sought and was denied relief under § 2255.  (ECF. Doc. 6-1, pp. 4-5; *see also* ECF Doc. 9, p. 3.)  He filed a § 2255 motion in the Southern District of Florida challenging the validity of his career criminal enhancement under the United States Sentencing Guidelines.  (ECF Doc. 6-1, pp. 4-5.)  Also like the petitioner in

*Joseph*, Mr. Turner now seeks to use § 2241—arguing that § 2255 is inadequate and ineffective—based on intervening changes in statutory law regarding what qualifies as a "controlled substance offense" for career-offender sentence enhancement. (ECF Doc. 6-1, pp. 11-20; ECF Doc. 11, pp. 2-3.) Given the Supreme Court decision in *Jones*, which the Sixth Circuit has applied to preclude relief in circumstances almost identical to those in this case, the undersigned concludes that allowing amendment of the petition to add the proposed new Ground One would be futile.

Accordingly, the undersigned recommends that the Court **DENY** Mr. Turner's motion for leave to amend his petition to include proposed amended Ground One.

### C. Petitioner's Request to Amend Petition to Assert Amended Ground for Relief Related to Credit for Earned Time Under the First Step Act

Mr. Turner also seeks to amend his original ground for relief, regarding application of credit for earned time under the FSA, to now challenge the denial of FSA prerelease placement. (ECF Doc. 6, p. 2; ECF Doc. 6-1, p. 7.) Respondent initially argued that the issue of earned time credit was moot or without merit because the BOP "ha[d] already applied the sentence credits towards supervised release credit" and he "[was] not entitled to the credit he now seeks in [the] amended motion" because "he [was] under an order of deportation." (ECF Doc. 10.) Respondent has since indicated the BOP does not have a final order of deportation for Mr. Turner, and that the BOP has updated its computation to find Mr. Turner FSA eligible and has applied his time credits. (ECF Doc. 16.)

The undersigned finds that Mr. Turner's request to amend his petition to assert his claim that the BOP has not properly credited him for earned time under the FSA is not the result of undue delay, and that there is no indication that allowing the amendment will unduly prejudice the Respondent. The undersigned cannot say at this time that amendment would be futile.

9

Additionally, the undersigned observes that each time Respondent has asserted that the issue of earned time credit under the FSA is moot or resolved, Mr. Turner has challenged that position. Thus, even though Respondent now asserts that it has updated its computation to find Mr. Turner FSA eligible and applied his time credits (ECF Doc. 16), the undersigned cannot find conclusively based on the present record that there is no remaining dispute between the parties as to the proper computation or application of Mr. Turner's FSA credits.

Accordingly, the undersigned recommends that the Court **GRANT** Mr. Turner's motion to amend his Petition to add the claim in proposed amended Ground Two (ECF Doc. 6-1, p. 7) as the sole ground for relief in the amended Petition.

### III. Respondent's Motion to Dismiss

Having recommended that the Court grant in part Mr. Turner's motion for leave to amend his petition, the undersigned recommends that the Court **DENY as moot** (ECF Doc. 4) Respondent's motion to dismiss.

### IV. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction

Mr. Turner has filed a motion seeking a temporary restraining order and preliminary injunctive relief. (ECF Doc. 14.) His request for injunctive relief was filed when there was a dispute over the existence of a final deportation order. That issue has since been resolved. Additionally, while injunctive relief is not precluded in habeas proceedings, it "is not a typical remedy . . . since the authority of the court to order a custodian to take action in a habeas case in many ways overlaps the scope of relief that can be ordered via an injunction." *Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 709 (E.D. Mich. 2006).

Here, Mr. Turner asserts that his claim is meritorious, and that he will be irreparably harmed if immediate injunctive relief is not granted. However, the essence of his request—that

10

Respondent be preliminarily enjoined from continuing to incarcerate him during the pendency of these habeas proceedings—overlaps with the relief he seeks in his proposed amended Ground Two. Accordingly, the undersigned recommends the Court **DENY** Mr. Turner's motion for temporary restraining order and injunctive relief (ECF Doc. 14).

Should the Court adopt the undersigned's recommendation as to Mr. Turner's motion for leave to amend, Mr. Turner will have the ability to proceed with arguing the merits of his proposed Ground Two, relating to application of FSA credits, and Respondent will be required to demonstrate a basis for denial of the writ Mr. Turner seeks.

### V. Petitioner's Renewed Motion for Expedited Briefing Schedule and Expedited Habeas Review (ECF Doc. 7); Motion for Leave to File Declaration (ECF Doc. 12); and Motion to Compel (ECF Doc. 13).

Mr. Turner's motion for expedited briefing and expedited habeas review is based on his contention that he is entitled to relief on his proposed new ground for relief challenging his underlying conviction. (ECF Doc. 7.) The undersigned, however, is recommending that Petitioner's motion to amend be denied to the extent he seeks to add a new ground for relief challenging his underlying conviction. Accordingly, the undersigned recommends the Court **DENY** Petitioner's motion for expedited briefing and expedited habeas review (ECF Doc. 7).

Mr. Turner's motion to for leave to file declaration and motion to compel relate to his claim that Respondent was without a final order of deportation. (ECF Docs. 12 & 13.) Since the filing of these motions, Respondent has affirmatively stated that ICE is not relying on the 1994 immigration document to prohibit application of FSA earned time credits and that the BOP does not have a final order of deportation for Mr. Turner. (ECF Doc. 16.) Accordingly, the undersigned recommends the Court **DENY** (ECF Docs. 12 & 13) Petitioner's motion for leave to file declaration and motion to compel.

**VI.     Recommendation**

For the reasons explained herein:

1. The undersigned recommends that the Court **GRANT in part and DENY in part** (ECF Doc. 6) Petitioner's Motion for Leave to Amend his Petition. Specifically, the undersigned recommends that the Court **GRANT** Petitioner's request for leave to file an amended petition as it relates to his claim that the BOP has not properly applied FSA credits (proposed amended Ground Two) but **DENY** his request to add a claim challenging the validity of the sentence rendered in the Southern District of Florida (proposed amended Ground One).

2. The undersigned recommends that the Court **DENY as moot** (ECF Doc. 4) Respondent's Motion to Dismiss.

3. The undersigned recommends that the Court **DENY** (ECF Doc. 14) Petitioner's Motion for Temporary Restraining Order and Injunctive Relief.

4. The undersigned recommends that the Court **DENY** the following motions:

   - Petitioner's Renewed Motion for Expedited Briefing Schedule and Expedited Habeas Review (ECF Doc. 7);
   - Petitioner's Motion for Leave to File Declaration (ECF Doc. 12); and
   - Petitioner's Motion to Compel (ECF Doc. 13).

Dated: December 14, 2023

/s/ Amanda M. Knapp
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).